UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD,

    Plaintiff,

v.                                  Case No. 20-11680
                                      Honorable Victoria A. Roberts

SIRENA LANDFAIR, ET AL.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 53] AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [ECF NO. 54]**

**I.    INTRODUCTION**

On November 7, 2022, Lamont Heard filed a motion for reconsideration [ECF No. 53] and motion for leave to file an amended complaint [ECF No. 54]. Heard asks the Court to reverse its summary judgment order entered in favor of Defendants [ECF No. 51].

Because Heard presents no new issues that would change the outcome of the Court's summary judgment order, the Court **DENIES** his motions.

1

## II. LEGAL STANDARD

Motions for Reconsideration

Motions for reconsideration are governed by Local Rule 7.1(h). Under that rule, parties seeking reconsideration of final orders must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). E.D. Mich. Local Rule 7.1(h)(1). "Under Rule 59, a court may alter a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022) (internal quotes omitted).

Motions to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 222 (1962). But "when a Rule 15 motion comes *after* a judgment against the plaintiff, that is a different story." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (emphasis in original). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." *Id.* at 616 (citation omitted). So "[w]hen a party seeks to amend a complaint after an

2

adverse judgment, it . . . must shoulder a heavier burden." *Id.* "Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Id.*

Both Heard's motions are governed by the same standard.

A motion to amend a pleading may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010).

### III.    ANALYSIS

#### A. The Court did not err when it refused to consider Heard's allegations first raised in his summary judgment motion.

Heard argues that the Court erred when it refused to consider a new allegation of protected conduct that he first raises in his summary judgment motion: that Defendants retaliated against him because he threatened to file a grievance.

Heard acknowledges he did not allege this in his complaint, but says the Court should have considered the new allegation because *Brown v. Matauszak*, 415 F. App'x 608 (6th Cir. 2011) (unpublished), provides that "[t]he court will consider documents filed after the complaint as part of the

3

pleadings." *Id.* at 613 (internal quotes omitted). But the sentence that immediately follows that is "[h]owever, a court cannot create a claim which a plaintiff has not spelled out in his pleading." *Id.* at 613 (internal quotes omitted). Heard did not "spell out," or even mention, his alleged threat to file a grievance in his complaint. The Court did not err when it refused to consider the allegation Heard first raises in his summary judgment motion and not in his pleadings.

Heard also argues that though he did not move to amend his complaint, he should have been permitted to do so to include his new allegation.

*Brown* supports that in the case of a defective complaint, a district court should permit a plaintiff to file an amended complaint, even when the plaintiff does not seek leave to amend. *Id.* at 615. But this rule applies when a case is at the *motion to dismiss* stage, not the summary judgment or post-judgment stage. *See id.; Leisure Caviar, LLC*, 616 F.3d at 615 ("[W]hen a [motion to amend] comes *after* a judgment against the plaintiff, that is a different story.") (emphasis in original).

Given that Heard is at a separate procedural posture in his case, this difference is critical. "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint

4

to take account of the court's decision." *Leisure Caviar, LLC*, 616 F.3d at 616 (citation omitted).

Further, a court acts within its discretion in denying a motion to amend where there is undue delay, bad faith, or dilatory motive on the part of the movant. *Riverview Health Inst. LLC*, 601 F.3d at 521. "Undue delay" exists if the plaintiff failed to incorporate previously available facts. *Leisure Caviar, LLC*, 616 F.3d at 616. The court "ought to pay particular attention to the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.* Heard filed his complaint in April of 2020 yet waited until November 2022, after judgment was entered against him, to move to amend his complaint. He fails to give any explanation for this nearly three-year delay.

The Court cannot ignore that Heard waited until discovery closed to attempt to amend, presumably because this was when it became clear that he likely would not win on the facts he alleged in his complaint. A plaintiff cannot use a post-judgment motion "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998).

If allegations in Heard's original complaint even remotely supported a new cause of action, he would be in a more favorable position. But Heard alleges

5

new facts out of thin air for the first time in his summary judgment motion. A belief that a litigant may be able to craft a more reliable legal argument the second time around, with better facts, is not sufficient to grant a motion for reconsideration or a motion to amend.

Considering "the competing interest of protecting the finality of judgments and the expeditious termination of litigation," *Leisure Caviar,* 616 F.3d at 615–16, the Court will not reward Heard's years-long delay.

Heard cannot establish that there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. The Court relies on the rationale outlined in its summary judgment order.

## IV.   CONCLUSION

Heard has not met his burden to show that he is entitled to reconsideration of his case. The Court **DENIES** Heard's motion for reconsideration and his motion to file an amended complaint. This case remains closed.

**IT IS ORDERED.**

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  March 16, 2023

6